Case number 13-5290 National Association of Home Builders et al. Appellants v. Environmental Protection Agency et al. Mr. James for the appellants, Ms. Barton for the appellees. Mr. James for the appellants, Ms. Barton for the appellants. Good morning, counsel. Mr. James, whenever you're ready. May it please the court. My name is Norman James. I'm with Fenimore, Craig, and Phoenix. And I'm representing the appellants today, the National Association of Home Builders and two Arizona Home Builders Associations, the Southern Arizona Home Builders in Tucson and the Home Builders Association of Central Arizona in Phoenix. There are no members of any of these organizations who are parties to this litigation? That is correct, Your Honor. Now, in this case, the home builders are challenging a rule that was adopted by the Environmental Protection Agency and the Army Corps of Engineers. The rule classified more than 50 miles of the Santa Cruz River in Southern Arizona. Counsel, we know the facts. We read the brief carefully. Okay. How do you get by preclusion? Incidentally, you keep calling it res judicata. It's really issue preclusion, isn't it? It's a form, I guess, of res judicata. Now, how do you get a – that is your most difficult problem, it seems to me. How do you get by it? Well, I think, Your Honor, as discussed in our brief, first of all, I don't think there's a single case, at least that we've been able to find, federal case that has said that if a lawsuit is dismissed under Rule 12 at the pleading stage of the case, the merits haven't been addressed on the basis that the complaint failed to adequately allege facts establishing standing, Article III standing, that you're precluded from refiling that case. You're not precluded if you come up with new facts. Now, the question is, what new facts do you have? Well, the difference, Your Honor, is, again, if we go back to the initial case, and again, it's important to keep in mind, I think, the stage of the case at which our claims were dismissed. It was a motion to dismiss under Rule 12. So, with that in mind, this Court, the Circuit Court's last decision, didn't hold that homebuilders are now precluded from challenging the regulations. That's the problem. We're not talking about preclusion. We're talking about – we're not talking about case preclusion. We're talking about issue preclusion. Issue preclusion. And that's typically a determination that a subsequent court makes, not one that the court at the time. In fact, one thing that concerns me is, to the extent that you believe that the prior panel in the prior homebuilders case intended that you would cure any defect and proceed, why didn't you seek and or why didn't the panel there remand the case for repleading in that case? I mean, that would typically be procedurally how you would continue to pursue something like that. It's not fair to ask counsel what our court did. But you were in the case. Why didn't you ask for that? Was that something that you asked for in that case? Yes. To the extent that you find that we lack standing, we seek remand to replead? We actually did that, Your Honor. We did that at the district court level, citing the Appalachian Voices case. But at the district – remember, this is – Right. The district court wasn't holding on standing, right? That's right. It was on the pre-enforcement review basis. Right. And when we got to the circuit court, of course, again, we had a motion technically pending that was never addressed by the district court pending. As Judge Silberman, as you said, I don't know why the court did what it did. I don't – This is really crucial. Where are your new facts? In the DeGrazio affidavit, DeGrazio says he's got projects on which there is a jurisdictional determination, preliminary jurisdictional determination. Is that what you're relying on to establish new facts which give you standing under the rubric of our prior opinion? Is that the key? We're relying on Mr. DeGrazio's declaration, Your Honor, as well as the declarations of Mr. Price and Mr. LeCoultre. Yeah, but, Christ, I didn't understand. What the devil is this nationwide permit, and why does that relate to what's going on in Arizona near the Santa Cruz River? Well, Your Honor, I think for standing – and, again, the initial – if I can go back for a second and go forward and respond to your question. Well, it's always better to respond first and then go backwards, because then I just get confused when you go backwards. But, again, we didn't get to the stage of the case in the initial case. It wasn't cross-motion for summary judgment, Your Honor. It was a motion to dismiss under Rule 12, and we didn't file declarations from members. The court said, without identifying –  I'm sorry, Your Honor, the first case. The first case decided by this court. Just explain to me what the devil the Christ nationwide permit has to do with the territory affected by the Santa Cruz River determination. A nationwide permit is – there are two types of permits, generally, under the Clean Water Act. There's an individual permit that applies to an individual parcel of land. It's a more complex process. Yes, I understand that. There's also a nationwide permit, which is a general permit. It allows you to construct buildings in New York City? No. Why is that relevant to Santa Cruz? No, it allows – Your Honor, it allows you to get coverage. You're eligible to discharge fill material into a water of the U.S. in connection with your development project. Anywhere in the United States? Yes. Well, it depends – Your Honor, it depends on the nationwide permit. But the nationwide – they aren't custom – they aren't tailored to a particular area, although they can be. I think you better stick with DeGrazio. And didn't you get that? I thought that on March 30, 2012, the court issued a nationwide permit verification. Of course. So I'm not sure – That's true. Which court? The Corps. I'm sorry. Oh, the Corps. The Corps of Engineers. Yes. So I'm not sure what the complaint is there, how that's somehow harming you. You applied for something, you got it, at least a preliminary – The complaint, Your Honor, the complaint I think is – how do I explain this? I think we're getting too caught up in individual details, whether or not Mr. DeGrazio or Mr. Price got – You better get caught up if you want to get by preclusion. Well, Your Honor, if I could, I think the point established by these declarations, which the lower court didn't address, is the fact that like in, for example, national – This is your strongest position, DeGrazio, because he is pointing towards preliminary jurisdictions in which the Corps has been involved. He – yes, he probably is in that respect, Your Honor, he probably is the strongest declarant. But I think more broadly, the grounds for standing here, Your Honor, is the fact that, again, if I can refer to a decision, National Association of Home Builders versus Army Corps of Engineers decided in 2005, it's referred to as NHB 1 in our brief, this court recognized – now this was a final agency action case – but this court recognized that nationwide – and these were new nationwide permits, Your Honor, you would ask about – that the issuance of these permits have serious legal consequences that the landowner has to either put his project on hold and apply for an individual permit, or he has to go in and modify his project to meet the conditions under the nationwide permit. Counsel, as I detected your brief, you were largely re-arguing the issue that you took to the last panel, which was the agency has, by its determination, promulgated a rule in violation of 553 of APA. That's correct. You know, I may agree with you about that, but I have a problem with the prior case. So, in order to reach that issue, I have to see that under the theory of a prior case, you have standing now when you didn't then. Now, we spoke about a jurisdictional determination in a prior case. We didn't distinguish – although it's an implicit word, perhaps – we didn't distinguish an approved jurisdictional determination from a preliminary jurisdictional determination. I believe your best argument now, and I wish you would focus on it, is that DeGrazio has preliminary jurisdictions in which LaCour was involved. And that's absolutely correct, Your Honor. With that issue, those facts were not before our court before. Is that correct or not correct? That is correct. And yet, weren't those facts – those facts did predate the decision in the prior case, just that you just hadn't raised them. I think it was in 2010. Not entirely, Your Honor. I mean, again, these are permitting – that's a bit misleading. Wait a minute. No, let's stay right on what my colleague has pointed out. My recollection from the briefs is one of those was in existence before the argument in this court, or before the Lancel litigation. But two were not. Two were subsequent. Is that correct? That's correct. And in addition – The government's argument is because you had one in advance of the litigation, you're precluded from coming in with any others that are similar. I don't know if there's any precedent for the government's position on that. So is that your basic argument? Our basic – well, that's one of our arguments, yes. You've got to get by preclusion to have any argument. Understood. And the point that we tried to make here is these are a series of events. We have a consultant being hired, as we explained, to try to determine what waters are jurisdictional. That jurisdictional determination is submitted to the Corps of Engineers. The Corps of Engineers has to review and approve it. We know that. So can you just identify for us what the jurisdictional determination that occurred after the closing of the prior case – where is that? What jurisdictional determination has any member of your organization been subject to after the closing of the prior case? You don't have one of those. You don't have a jurisdiction. I have approvals in 2011. Approvals meaning what? Corps approving and actually changing a jurisdictional determination. No, but you're not answering my colleague's question. I apologize. You don't have an approved jurisdiction. What you have is a preliminary jurisdiction in which the Corps made changes. Isn't that correct? No, Your Honor, the Corps – You actually have an approved jurisdiction? No, Your Honor, the Corps still has to approve a preliminary jurisdiction. Do you have an approved jurisdiction? No. You do not. Okay, but – You have preliminary jurisdiction in which the Corps got involved and made changes. The Corps has to – Your Honor, with all due respect, the Corps has to approve – whether it's a preliminary jurisdiction or a, quote, approved jurisdiction, the Corps has to review and approve it. The Corps has to sign off on it. I know. I understand your point. But you do not, in the answer to my colleague's question, you do not have what is technically called an approved jurisdiction. Not at this point because we haven't – So your argument has to be that the preliminary jurisdiction with the Corps' involvement is a sufficiently new fact to get you by preclusion. Yes, that and the fact, Your Honor, that we thought in the last case at the pleading stage of the case we didn't have to provide the identities of specific members and identify – We're not going to be arguing the prior case. You can't do that. It's not identities. It's the concrete harm. Because you're seeking standing as a representative of these individuals who you claim are harmed by this rule and suffer concrete injury. And our prior panel said unless and until such a jurisdictional determination applies the traditional navigable waters determination to a particular property and its watercourses and finds a sufficient nexus, the owner or developer of the property suffers no incremental injury, in fact, from the TNW determination. And any challenge to it is therefore premature. So the court was really very clearly writing a roadmap of what and when could create cognizable injury for purposes of litigation. And what we've been probing is to try to find out. And you emphasize that this is at the pleading stage, but you are the master of the pleading. You can allege in the complaint any and all harm suffered by members. In a sense, it makes it easier for you, not harder. And I don't see it in the complaint. Well, Your Honor, I think what we, and again, to go back very quickly, I would like to save a minute. Our initial complaint was filed in March 2009, was decided in 2010. We have events that are set forth in our declarations, particularly as Judge Silverman pointed out in Mr. DeGrasse's declaration that occurred in 2010 and 2011. Short of submitting affidavits to this court on appeal, where the appeal, of course, was focusing on a completely different issue, I would argue we do have new facts, specific facts, showing that the court is using this navigability rule, the determination. The key problem is, in our prior opinion, we said you have to have either an enforcement action or a jurisdictional determination. We did not in that specifically say whether that was a preliminary jurisdiction or an approved jurisdictional determination. It is within that potential gap that you have to go. Is that correct? Well, and I agree, Your Honor. Don't re-argue the rule at this point. I'm not, Your Honor. I agree with what you're saying, and as we said in our brief, just because a jurisdictional determination is preliminary doesn't mean it has no legal effect. It's used to issue permits, the nationwide permits. But you have to tie that to our prior opinion. If our prior opinion said you don't have standing until you have an approved jurisdiction, then you're in trouble. We said you don't have standing until you have a jurisdictional determination. It's not absolutely explicit whether that's a preliminary jurisdiction or an approved jurisdiction. Thank you. All right. I'm out of time. I'd like to have a minute, if I could, for rebuttal. We'll give you some rebuttal time. Thank you very much. Thank you, Mr. James. Thank you, Your Honor. Good morning, Ms. Barton. Good morning. May it please the Court, and I have with me Karen Wendolasky from EPA's Office of General Counsel and Dan Inglis from the Army's Chief Counsel. Let me ask you a basic question of administrative law to start with. Suppose the agency in its determination had used 553 rulemaking. Notice and comment. Would petitioners have standing? I don't see that they would have standing.  He would have adopted a rule by 553 with notice and comment. Well, even if there's a rule, you still have to show that you have interest. Yes, it's true, but if you had used the rule. Have you thought about that, this question I'm asking you? If you used the actual rulemaking, would there be any question that a petitioner had standing? Absolutely. There are many rules, the very same reasons that they don't have standing now. You think so? There hasn't been any application. You know, there's case after case on our Court concluding that in a rulemaking, anybody who is affected by the rule has standing. But they haven't shown that they're affected. But a regulated entity generally under a rule is treated as being affected by the adopted rule. Why would that not be the case in this case? We see rulemaking cases all the time where the rule has not yet been relied on for any action. But the regulated entities come in and say, well, it regulates our primary conduct. And we have generally said, well, that gives you standing when they're out there regulating. I think if you were discharging into the Santa Cruz River. No, that's the enforcement. That's enforcement. No, I'm just saying, then it would clearly be affected. Listen carefully to what Judge Santel said. He said, it affects the primary conduct. I'm saying it does not affect their primary conduct. It doesn't? No. Before they are upstream, we don't know if they are subject to any more regulation by virtue of the Santa Cruz River being designated than they were not. And the designation is just an agency view of what kind of behavior. Yes, I understand. I'm starting to move over into final agency action, but they kind of are a little bit in for that. You are arguing it's not a rule. Let's assume it is. Let's assume it had been done as a 553 rulemaking. I guess the question is, is there anything about a rulemaking that would excuse a litigant from having to show Article III standing? And I think we do have many cases in which it's been emphasized how easy it is for a regulated party under a formal rule to show injury in fact. But I think the question is, is there anything that makes it automatic in a context in which there is formal rulemaking? And I guess one of the things we're asking is, are you aware of any such cases that would excuse the Article III determination from having to be made? No, absolutely not. I mean, it's a constitutional, a mandatory requirement. So they would still have to show that they would be affected, just the fact that they discharge, you know, potentially into some minor water course that may not, under ROPANOS, be under the jurisdiction of the agencies. Now, HomeBuilder's central contention, really, and citing the Army Corps of Engineers, is that this traditional navigable waters determination has vastly increased the jurisdiction of the agency. That before this determination, they were free and clear of licensing requirements. The Colorado River was the nearest traditional navigable water. And now that this determination has been made, their entire calculus has changed. What's your response to that? Well, the same as this Court said in the last decision, there was no – there is no – first of all, we don't know what the effect is on their upstream properties. We don't know if they were ever covered. First, beforehand, they didn't know whether the – they were always getting permits. There was no time when they did not get permits. But there was a couple-year gap, I think, between when the ROPANOS decision was issued and the traditional navigable water determination was made. And people may have hoped during that period that the Colorado River would be determined, if somebody had to determine it, to be the – well, I mean, it's determined for other reasons to be a traditional navigable water. Not under – I don't know if it is probably under the Clean Water Act too, but the agencies never had cause to identify all the traditional navigable waters for Clean Water Act jurisdiction because basically they exercise jurisdiction over any tributary to traditional navigable waters all the way up to the top, just by definition. So there's no – this just gave people information about something that they didn't know what the agency thought. So after ROPANOS, they were thinking that the whole jurisdictional analysis had been – the table had been cleared and there was nothing they had to worry about. And what you're saying is, well, actually, there were some things they had to worry about. And the agency in this determination made that more apparent. Right. And I think what – my understanding of the Court's prior opinion is that, in a sense, an approved jurisdictional determination that applies – and I want to – We didn't say approved. You didn't say approved, but you said – We said jurisdictional determination. You said that applies the traditional navigable water determination to a property, a particular property and its watercourses, and finds a sufficient nexus. A preliminary determination does not do that. What about the Corps' activity here with respect to de Grazio's property? I'm sorry? What about the Corps' activity with respect to – Preliminary determinations do not make a sufficient nexus finding. That's your view, even though the Corps did actually influence the permit. The Corps – so the question – I mean, the Corps actually influenced the preliminary jurisdictional determination. Right. Here's what the Corps does in a preliminary – it goes out to the property and it tells you where the limit of the watercourses on your property is, or if you have wetlands. Boy, that sure – that sure sounds like an application of your, quote, regulation. Not – but it doesn't tell you – I mean, they already thought they had waters that had a sufficient nexus. The nexus is downstream to the Santa Cruz. The Corps just comes up and says, okay, you want to apply for a permit. You're assuming voluntarily that you have to apply for a permit, and you want to know what do we think should be permitted here, and that's what they determine. Well, you assume voluntarily because you've declared the Santa Cruz River navigable. They were assuming it voluntarily beforehand. They did not stop applying for permits. And, Ms. Barton, so what is the relationship – if you could just sort of talk us through it a little bit in more concrete terms. What's the relationship between the preliminary jurisdictional determination and the approved jurisdictional determination? A preliminary jurisdictional determination – and I've cited in our brief both the guidance letter and the question and answer policy memo on it. But a preliminary determination is – it does not apply a sufficient nexus. It's only – it's informal. It's made in response to a request to be voluntarily subjected to the permit regime, and it is not something that the agencies think can be relied on one way or another to show overall jurisdiction. An approved jurisdictional determination is much more formal. It takes a lot longer. It includes a sufficient nexus determination. And an approved jurisdictional determination is subject to review. It's notice and comment only. Notice and comment. I believe – No. No? So approved jurisdictional determination is just on a particular property. But it is subject to judicial review. It's subject to judicial review in an enforcement or – No. No, that's our final agency action argument. You take the position even an approved jurisdiction is not final agency? That's correct, because it's just an opinion of the agency of how the law applies. It's exactly like AT&T versus EEOC. Well, how about the RGE case? It certainly binds the agency. It does bind the agency. As does, in fact, the – what is it – TNW determination? Well, wait. So let me say the TNW determination – that's what I was thinking of – has said that the agency says this needs to be applied. I mean, they can change it, obviously. But it's binding. Wait. So maybe we were confusing two things. If there's a jurisdictional determination with respect to a particular piece of land, we have – you know, some of Mr. James' numbers have brought people out for preliminary jurisdictional determination. They're not relying on it, but they're trying to get a sense, okay, we want to do this. And then they're ready to build. And they want a jurisdictional determination. They want to know maybe we'll get off the hook here. We won't have to get any kind of permitting. And they get a final, site-specific jurisdictional determination. That, I assume, is when you think they can then challenge the TNW determination. That's when we think they have a standing, perhaps, but that is not a final agency action. Because it is just as a – So they have standing, but they can't – Challenge it until the agency – they can apply for a permit. And if the agency uses it in a permit – See, at that point, basically, the agency has said, yes, our view of the law is that you are – you need to get a permit. But isn't that – At that point, I would say – Doesn't that make them – so that gives them a concrete injury for standing purposes? Well, I would say probably in sort of a pre-enforcement analogy kind of case that they have, they are singled out enough to be – Counsel, let me get to that point. Let's assume, arguendo, that you violated 553, that you should have used the rulemaking. Doesn't it follow as the night, the day that you engaged in final agency action? Well – I think that is unquestionably true. I guess it would depend on what the standards are for violating 553, because it does not impose – No, no. Let's assume you violated 553. Assume arguendo. Assume this should have been issued as a notice and comment rulemaking, right? This meeting the TNW? Hmm? The TNW determination? The TNW, yes. The TNW determination. I'm sorry. Thank you. Thank you, Judge. Assume the TNW, which was their basic argument all along, that the TNW was a rule and should have been issued under 553 notice and comment. If that was true, isn't it quite clear that it was final agency action, the it being the TNW determination? That's Abbott Laboratories, isn't it? It still doesn't determine any legal rights or obligations. Wait a minute. Are you fighting with Abbott Laboratories? You aren't familiar with Abbott Laboratories? Abbott Labs in terms of rightness. No, but it also stated final agency action. I'm just saying, final agency action under Bennett v. Speer – No, I'm saying, if you go back and look at Abbott Laboratories, it specifically stated that a rule is final agency action. But I guess I'm – And we've followed that ever since. Ever since Justice Harlan wrote it. But what I'm querying, and I understand I'm supposed to take your assumption about that it was a legislative rule, but if your assumption is that a legislative rule has actually some legal effect, then that assumption is incorrect. But if you disagree with me that – Hold on. You're saying, assuming, arguendo, it was a legislative rule, a substantive rule under 553, all I'm suggesting is you cannot possibly argue that's not final agency action. I have not – and that question – I have not gone that far. I don't know the answer to that question. All I know is that the traditional navigable water determination, like any jurisdictional determination, is just like the action in AT&T v. EEOC. It is the agency's view of what the law requires. It is their opinion. It has no legal effect. But it's binding on the agency. What I'm trying to figure out – It's informational. It helps people know when they need to get a permit. When the agency thinks they need to get a permit. I'm trying to figure out when is the right time for them to challenge the traditional navigable water determination. And I thought maybe I misspoke in saying that the site-specific approved jurisdictional determination would – I don't think it's subject to notice and comment, but there's a public hearing there, no? When you get a jurisdictional determination – and I'm thinking at that time might be the time when the builders get to – I mean, they have a point. They need to be able, short of – I mean, maybe not. Short of an enforcement. Jen, is that your position? That they build and you say, whoa, you shouldn't be building there? They can approve. And so – Or – I mean, they think you've gone way over. And I understand you don't agree. That's the merits. But for purposes of their ability to challenge in some kind of reasonable time, you know, not every legal idea you have and make public, but a determination that is going to affect their development rights, when is it that they get to say not traditional navigable waters and this is why? First of all, there is an administrative appeal. I mean, I don't know that there's – it's exactly a hearing from the approved jurisdictional determination. And then they can go to court. No. And that – no. No. Every court to address the question has said it's not a final agency action. Can they challenge it? Yes, they can challenge it. That's the question you're being asked. They can challenge it. No, don't say they can't challenge it. Don't say they can't. They can challenge it if they get a – if they apply for a permit. You know, we're mixing apples and oranges. The question is when can they make the challenge that your determination was a violation of 553? When? When one of their members applies for a permit and it is denied or they are unhappy with the – That is not consistent with Abbott Laboratories. It's just the nature of what this traditional navigable water determination or approved determination is. It does not change – it's not – the agency isn't exercising discretion, interstitial discretion. You're still arguing that it's not a violation of the 553. That issue isn't – At what point – at what point would you say someone has pending to challenge whether it is a violation of the 553? Is it the permit? When the permit is granted? A permit – a permit grant with – that they are unhappy with because it has conditions they disagree with or a permit –  Denial. Or an enforcement action. So you would say then – so you would say then that they could come to court and – And then they can challenge the jurisdictional determination. And it will have – it will be – it will have no legal effect that EPA or the court previously made that decision. You seem to be changing from your answer. No. It's in our brief. She seems to me to be changing. Can you give me a yes or no on whether they could then have standing to challenge whether you had followed the proper procedure? Oh, absolutely. In the adoption of the, quote, rule, unquote. Yes. Yes. That's a yes, okay? Yes. Yes. Enforcement action. Now, give me – Challenge to a permit decision. No, no, no. You said enforcement. What about an approved determination? Well, then, in that context, they challenge the determination. Counsel, Judge Santella is asking at what point can you challenge the 553 issue? You said when there's an enforcement action. Is it also true when there's an approved jurisdiction determination? No. No? That's not enough. No. It is not enough. So it's only when you're facing jail time that you can challenge the 553. It is – I mean, as any – it's an enforcement – or you get a permit. You apply for a permit. It's just with any jurisdictional determination, it's just the agency's – So once they apply for the permit, if it's denied or conditioned in a negative way, do they then have standing to challenge the 553 issue? Yes. Yes, exactly. Yes. So they don't have to go all the way to enforcement. They can do it at that last – And, in fact, this court in the last decision provided examples at the end of that particular passage that we've all been focusing on when it says this doesn't mean they can't address it. And then – and they give examples of where – oh, it's actually – it's down – it's right before Part 2 where they say we see no reason, however, that the individual landowner developer may not contest the T&W determination and a challenge to a site-specific jurisdictional designation under the judicial review provisions of the Clean Water Act and implementing regulations in any site provide various provisions. Counsel, there's one question on our – Including reviewing core jurisdictional determinations and proceeding – All right, counsel, we – Providing from enforcement actions. Counsel, we know what's in the – Sorry. Okay, well – But let me – I agree with the court. Go right to this specific de grazio affidavit. He talks about preliminary jurisdictions where the court has been involved. And they – several of those are subsequent to the last litigation. Your response in the brief was, yes, but there's at least one that took place before the last one. And, therefore, the other ones are irrelevant or are no longer to be considered. Where did you get that theory? I don't understand that. Because the – I'm talking only about the preclusion issue now. I understand. Because the principle for a preclusion and for requiring occurrences that happened after the judgment was entered is that you don't just – it's for judicial efficiency and fairness to the parties. All right, I'm going to take you to another hypothetical. Suppose there had been an approved jurisdiction – an approved jurisdiction prior to the last litigation, but it hadn't been disclosed. And then, subsequently, you have several approved jurisdictions. It is your argument that those subsequent approved jurisdictions cannot be relied on because there was one beforehand that everybody didn't pay attention to? Yes. Boy. I think that's consistent with the – I mean, I do not have a Justice Department position on this, but I think it's consistent with the theory underlying set forth in Dozier in this Court's decision and other cases about why preclusion – issue preclusion applies, is that it's not an opportunity to just come back to court and get it right, what you got wrong the first time through. You could have amended your complaint. You could have supplemented your complaint or whatever. And it's not – you know, you don't get to just have the court teach you what you should have done the first time. I thought the preliminary jurisdictional determination, to the extent that there's one post-dating, was actually with respect to the same property that was given a preliminary jurisdictional determination beforehand. So it's just sort of – it's updating, but it's not actually – it dates back. I don't remember if it was the same property or not. But in any event, I think it sets forth in our brief, and I've explained that the preliminary jurisdictional determination doesn't apply at all at traditional navigable water determination. So it doesn't – it's just – you take as a given that they are going to apply for a permit. Let me ask also about – I guess this gets to the degree of bindingness on the agency internally of the determination of traditional navigable waters. If there were a public hearing on a permit before licensing, just a public hearing, and a party brought in a lot of evidence that the Santa Cruz reaches – study reaches A and B are not traditional navigable waters, is that evidence that a representative of the EPA at the hearing could or the Army Corps could entertain, or would that be excluded as just a foregone conclusion based on the traditional navigable waters determination? Well, I think given that this was something that was elevated to the national level, they would have to elevate it at this point, you know, this traditional navigable water determination. Because this is particularly – it was EPA intervened as a special case, and then it was elevated. That's a jurisdictional determination. Certainly they could come in. I'm just wondering where they get to make their record. You know, I assume that in the context of a challenge to a permit or to an enforcement action, they can raise, you know, this is erroneously deemed to be a traditional navigable water, but, you know, there has to be some opportunity for home builders and its members to make the kind of record that they would want to make with respect to that determination. I think that's part of what some of the questioning has been about. Isn't this a rule or shouldn't it have been procedurally treated as one? Well, so this is not exactly a jurisdictional determination, and it's not, you know, the traditional navigable water determination. We liken it to that. So the rules for a jurisdictional determination, you get an administrative hearing, and, of course, you can bring in any evidence you want, and you would establish a record. Here, I guess you would have an approved jurisdictional determination, and it would bring in the record for the traditional navigable water determination as part of that, and then I think you would present your evidence to the contrary at that hearing. I think that, you know, the local office couldn't reverse its decision on that basis under this particular setting. But you could make the hearing so that you could then go up with that. They'd have to go up and say, you know, they've got a good point here. May I just pursue one point? I'm a little confused. Is it your interpretation of our prior opinion that even if the home builders had an approved jurisdictional determination, they still would not have standing? No. What was that? No, I agree. I mean, my interpretation of the prior opinion is that they would have standing if they had it. And although I said before they would be precluded, I think if they actually put a member in the litigation with an approved J.D. and they had it before, then they would definitely have standing. I'm not sure the answer to whether they'd be affected by the same preclusion to the same extent or not. I do think the preclusion could be different. But we don't have that here. If that is all, thank you very much. Thank you, Mr. Bridenstine. Mr. James. How much time did Mr. James have? Counsel, what about the question at the outset? Why the devil didn't you have an approved jurisdiction even under our prior opinion you would have standing? I mean, I think there's a good argument you have it anyway with a preliminary jurisdiction because we didn't say approved. But that would be clear because why didn't you do that? It goes back, Your Honor. No, that's a tactical question. Why didn't you? Because at this particular moment we don't have a member, or we didn't, I guess, two years ago. Remember, the declarations were submitted in early 2013. We had members with preliminary jurisdictional determinations. By the way, there's an example of one in our appendix at 278 or 276, I apologize, that shows how the Corps reviews and approves those. So they're not a consultant's document. Approves the preliminary jurisdiction short of an approved jurisdiction. Well, it's a final. We would argue, Your Honor, it's final agency action because it's used to issue permits. It's used for enforcement proceedings. Again, that's not. You're talking about the preliminary jurisdiction. Yes. If you can get a permit under the Clean Water Act, Your Honor, and that's what they're used for. And they're also used for enforcement proceedings. And we have examples. I was trying to make some quick notes here, and I know my time's almost up. But we have examples of, in both Mr. DeGrazia and Mr. Christ's declarations, of a consultant's report. Again, it has to be submitted to the Corps. The Corps has to approve it. On Sabino Canyon, the Corps approved it in 2010. On the Harrison Project, Westland Report in 2010. It was approved by the Corps in 2011. By then, we're on appeal. Same thing with the Bonanza Project. We have a Westland Report in 2010, Corps approval of, again, a preliminary jurisdictional determination, which, again, can be used to get a Corps permit. And part of our members' problems, Your Honor, to be frank, is to go through the entire, as this Court called it, and it's quoted in our brief, the individual permit gauntlet. And as in the Rapanos case points out, there's a significant difference in time and cost to have to get an individual permit. So if our member decides, I'll just go the fast way, the cheaper way, because I'm in the business of building houses, not litigating with the federal government, that's what we have. But we still have members who are affected. And because this is a rule, as you've discussed, they're going to continue to be affected. And I think given that and given the fact, again, standing is more relaxed when you've got a procedural injury, I think we've overcome the problems that this Court had in the 2011 appeal. With that, thank you very much. Thank you, Mr. James.
judges: Pillard, Silberman, Sentelle